1 | Robert L. Sallander Jr., SBN 118352
Dean C. Burnick, SBN 146914
2 | GREENAN, PEFFER, SALLANDER & LALLY LLP
6111 Bollinger Canyon Road, Suite 500
3 | San Ramon, CA 94583
Telephone:     (925)866-1000
4 | Facsimile:     (925)830-8787

5 | Attorneys for Plaintiff
MARCIA STARR-GORDON
6

7 | Robert R. Pohls, (California Bar #131021)
POHLS AND ASSOCIATES
8 | One Walnut Creek Center
100 Pringle Avenue Suite 235
9 | PHONE: (925) 937-1773
FAX: (925) 937-1763

10 | Peter E. Romo, Jr., (California Bar #38925)
Robin Hardy, (California Bar #192489)
11 | SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
12 | San Francisco, CA 94105
PHONE: (415) 397-2823
13 | FAX: (415) 397-8549

14 | John P. Hooper, *Pro Hac Vice*
Stephen M. Prignano, *Pro Hac Vice*
15 | EDWARDS & ANGELL, LLP
750 Lexington Avenue
16 | New York, NY 10022

17 | Attorneys for Defendant
MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
18

19

20 | UNITED STATES DISTRICT COURT

21 | EASTERN DISTRICT OF CALIFORNIA

22 | MARCIA STARR-GORDON,                    )   Case No.: 03-CV-68 LKK (GGH)
                                        )
23 |                 Plaintiff,             )   STIPULATION FOR ORDER
                                        )   DEEMING CERTAIN FACTS
24 |     vs.                              )   ESTABLISHED AS TRUE
                                        )
25 | MASSACHUSETTS MUTUAL LIFE            )
INSURANCE COMPANY, a Massachusetts    )
26 | Corporation, and DOES 1-100,         )
                                        )
27 |                 Defendants           )
                                        )
28 | _____     )

1

Stipulation For Order Deeming Certain Facts Established As True

1.  **Purpose:** This stipulation is entered into by and between Plaintiff Marcia Starr-Gordon ("Plaintiff") and Defendant Massachusetts Mutual Life Insurance Company ("MassMutual"), sometimes collectively referred to as "the parties", for the purpose of avoiding certain depositions by stipulating to the truth of the following facts.

2.  **Stipulated Facts:** The parties agree that, subject to the reserved objections noted below, the following facts are established as true without the need for the further presentation of evidence:

    A.  Prior to December 14, 2001, MassMutual stopped issuing disability insurance policies to dental hygienists.

    B.  MassMutual decided to stop issuing disability insurance policies to dental hygienists because the amounts it was actually incurring in covered disability benefits to dental hygienists, which is a component of what is known as its "morbidity cost", were greater than expected.

    C.  Actual morbidity cost is a measure of the amount incurred by MassMutual in policy benefits.  It includes the amount of policy benefits paid, the amount of premiums waived, and the amount of change in MassMutual's claims reserves caused by covered claims.

    D.  Expected morbidity costs are the combination of (1) the amount of expected paid claims plus the amount of expected change in the claim reserves for policyholders on claim, and (2) the amount of expected claim reserves that would be required if all existing policyholders were to go on claim, multiplied by the probability that they would become disabled.

    E.  To compare actual morbidity cost to expected morbidity cost, MassMutual uses a ratio commonly referred to as "A/E Morbidity".  Although the A/E Morbidity Ratio does not measure profitability itself, it is one factor that, when combined with others, helps determine whether a particular block of policies issued by MassMutual is profitable.

2

3.  **Forbearance of Right to Depositions:** In consideration of and in reliance upon the stipulations set forth herein, Plaintiff withdraws the notices of taking deposition of MassMutual, issued pursuant to Federal Rules of Civil Procedure Rule 30(b)(6), responsive to Category (1)(K), and hereby waives it right to obtain documents responsive to Category 11 of the of the Amended Notice of Deposition attached hereto, marked Exhibit "A" and incorporated herein by this reference. With respect to the categories of testimony and documents identified above, Plaintiff agrees not to seek depositions of any present or former MassMutual employee concerning the subject matter of this Stipulation for Order.

4.  **Objections Preserved:**   Apart from objections based on the accuracy of the above-stipulated facts, nothing contained herein shall be construed to restrict or limit MassMutual's ability to interpose objections, based on relevancy or other grounds, to the admissibility of the above-stipulated facts at the time of trial.

The parties have entered into this stipulation in good faith, and not for reasons of delay or any other improper purpose.

DATED:  June __, 2006                          EDWARDS ANGELL PALMER &
                                               DODGE LLP


                                               By /signature on original_____
                                               Stephen M. Prignano, Esq.
                                               Attorneys for Defendant
                                               MASSACHUSETTS MUTUAL LIFE
                                               INSURANCE COMPANY

Stipulation For Order Deeming Certain Facts Established As True

1   DATED:  June__, 2006                    GREENAN, PEFFER,
                                            SALLANDER & LALLY LLP
2

3                                           By:  /signature on original
4                                           Robert L. Sallander, Jr.
                                            Dean C. Burnick, Esq.
5                                           6111 Bollinger Canyon Rd., Ste. 500
                                            Post Office Box 10
6                                           San Ramon, California  94583-0010
                                            ATTORNEYS FOR PLAINTIFF MARCIA
7                                           STARR-GORDON

8

9                                        **ORDER**

10  IT IS SO ORDERED.

11  Date: _July 5, 2006

12

13  _____
    The Honorable Lawrence K. Karlton
14  Senior District Court Judge
    United States District Court
15  Eastern District of California

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          4